(No. 13268.—Judgment reversed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GUISEPPE RALLO, Plaintiff in Error.

*Opinion filed June 16, 1920.*

1. CRIMINAL LAW—*to be guilty of confidence game the defendant must have obtained property by means of confidence reposed in him.* The essence of the crime of obtaining money by means of the confidence game is a trust reposed in the swindler and betrayed by him as a means of obtaining the money, and the moving cause for the victim's parting with his money must be the confidence reposed in the accused.

2. SAME—*when the defendant is not guilty of confidence game.* Evidence that a woman had sufficient confidence in the defendant to leave her husband and go away with the defendant but would not trust him with her money, and that he took her money from her after frightening her with a revolver, does not prove the defendant guilty of obtaining the money by means of confidence game.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

FRANCIS BORRELLI, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, MACLAY HOYNE, State's Attorney, and NOAH C. BAINUM, (EDWARD E. WILSON, and LLOYD HETH, of counsel,) for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

The grand jury of Cook county presented an indictment against Guiseppe Rallo in three counts, charging him, respectively, with robbery, obtaining money by means of the confidence game, and larceny. The victim of the crime named in each count was Anna Zek. A trial resulted in a verdict finding the defendant guilty on the count charging obtaining money by means of the confidence game. He was sentenced to the penitentiary and has sued out a writ of error.

The evidence relied upon by the prosecution to sustain the conviction is the testimony of Anna Zek. She testified, in substance, that she was a married woman living with her husband in Gary, Indiana; that she knew the plaintiff in error, who drove a jitney bus and passed her house frequently. He would stop to get a drink of water or ask for flowers, and she saw him almost daily. About a year before the occurrences on which the indictment was based he asked her to get a divorce and marry him, but she refused. He repeated this request but she constantly refused. She and her husband sold a house which they owned jointly, in September, 1917, for $4800. They kept the money in their house under the stove. The plaintiff in error asked her how much money she had saved, but she never told him until about two weeks before February 3, 1918, when she told him she had over $4000. The plaintiff in error asked her to go to Chicago with him so that he could start a business, but she suspected he wanted her money and said he might catch her and take the money away. He told her he would never take the money away from her, and on February 3, 1918, prevailed upon her to go to Chicago with him. She

293 — 20

took the money, amounting to $4070, with her, wrapped up in a handkerchief and carried in her bosom. They arrived in Chicago in the afternoon and went to a hotel, where they got a room and slept together. Between four and five o'clock the plaintiff in error got up and dressed himself, saying he was going back to Gary so that no one would know they came away together. He then drew a revolver on her and took her money, which she had in her bosom tied in a handkerchief, away from her and went away. She did not want to give the money to him. She was frightened and tried to get away but could not, and she did not know any more.

Mrs. Zek's testimony is all the evidence the record contains as to the means used to get possession of the money and it does not tend to support the conviction. The essence of the crime of obtaining money by means of the confidence game is a trust reposed in the swindler and betrayed by him as a means of obtaining the victim's money or property. The moving cause for the victim's parting with his money and giving it to the accused must be the confidence reposed in the accused. (*People* v. *Gallowich,* 283 Ill. 360.) Here Mrs. Zek, according to the testimony, had confidence enough in the plaintiff in error to leave her husband and go away with him but not to trust him with her money. She testified that she did not want to give it to him but he took it away from her; that he raised a revolver on her and she got scared; that she tried to get away and could not. The defendant denies going with the prosecuting witness to Chicago on February 3, 1918, or going to a hotel with her then or at any other time. It is unnecessary to consider the other evidence in the case, for, under the evidence, even if the plaintiff in error got the money of the prosecuting witness he is not guilty of obtaining it by means of the confidence game.

The judgment is reversed.        *Judgment reversed.*