(No. 19399.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRED FOSNACHT, Plaintiff in Error.

*Opinion filed April 20, 1929.*

MILES J. DEVINE, and W. G. ANDERSON, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

By this writ of error plaintiff in error, Fred Fosnacht, seeks to have reversed a judgment of the criminal court of Cook county against him for obtaining the money and property of Frank A. Crow by means of the confidence game.

There is no conflict of testimony as to any of the material facts in the case. In 1926 and 1927 Fred Fosnacht

was running a garage and engaged in the sale of second-hand cars, having in his place of business a large number of such cars for sale. In January, 1927, he sold a Buick car to Galen C. Goebel, an employee of Swift & Co., and at that time made an arrangement with him to pay him $25 commission on any car Goebel sold to Swift & Co. employees. A short time thereafter Goebel called Fosnacht and invited him to come to the Swift & Co. plant and meet Frank A. Crow, who was interested in buying a car. Fosnacht responded to the invitation and was introduced to Crow by Goebel. Crow told Fosnacht that he liked Goebel's car and that he would like to have a car of that type. Fosnacht said he did not have a car of that type at that time but when he got one he would let him know. A short time thereafter Crow called Fosnacht and asked him how he was progressing with the proposed car. Fosnacht said that he thought he would get it within a short time. A few days later Fosnacht appeared at the Swift & Co. plant with a Buick car. Crow and another employee examined it. They then went to Crow's home and he called one or two of his boys to look at the car. After examining it, Crow, his wife, daughter and Fosnacht got in the car and went on a demonstration trip. The Crows were pleased with it and the car was purchased from Fosnacht for $1567, for $500 of which Fosnacht took Crow's second-hand car. Crow paid $200 in cash and the balance was to be paid in monthly installments. He paid the March, April and May installments. On the last day of May one of his boys was injured and had to be taken to a hospital. Crow needed ready money and did not have it. He called up Fosnacht, explained his predicament and asked for a loan of $300. Fosnacht told him to come to his place of business the next afternoon to discuss the matter. Crow went. Fosnacht gave Crow his personal check on a Ravenswood bank for $300, and a new set of notes, secured by mortgage, was given by Crow to Fosnacht to secure the loan. A few days

thereafter the car was taken from Crow by the police, who claimed that it was a stolen car. The evidence shows that the car had been stolen from its owner in the latter part of January, 1927. Evidence was introduced showing the sale of other cars, claimed by the police to have been stolen, by Fosnacht to employees of Swift & Co. There is no evidence showing that these cars were, in fact, stolen. Fosnacht denied any guilty knowledge in the several transactions and testified that he had bought the cars in question at various times from representatives of the West Town Motor Sales Company, which concern had a place of business at 2224 West Madison street. The manager of this concern and the salesmen from whom Fosnacht claimed to have bought cars had left Chicago prior to the trial. After leaving Chicago they had been in a similar business in Kansas City but when sought as witnesses could not be found.

The essence of the crime of obtaining money by means of the confidence game is a trust reposed in the swindler and betrayed by him as a means of obtaining the money or property, and the moving cause for the victim's parting therewith must be the confidence reposed in the accused. (*People* v. *Rallo*, 293 Ill. 304.) A swindling operation does not constitute a confidence game unless the element of confidence becomes a part of such swindling. There may be swindling in a business transaction without the person who is responsible for the swindling being guilty of operating the confidence game. (*People* v. *Santow*, 293 Ill. 430; *People* v. *Bischoff*, 319 id. 262; *People* v. *Turpin*, 233 id. 452.) In order to constitute the confidence game the moving cause for the victim's parting with his money and property and giving it to the accused must be the confidence reposed by the victim in the accused. (*People* v. *Gallowich*, 283 Ill. 360.) The evidence in this case fails to show that Fosnacht made false statements, misrepresentations or pretenses to Crow for the purpose of securing his confidence, or that, having secured such confidence, he defrauded Crow

of his money and property, or that the moving cause for Crow's parting with his money and property was the confidence reposed by him in Fosnacht. While there is evidence in the record which might show that Fosnacht was guilty of some other crime, it does not show that he was guilty of the crime with which he was charged in the indictment.

The criminal court erred in not setting aside the verdict for want of sufficient evidence, and the judgment of that court is therefore reversed.

*Judgment reversed.*